## Case No. 6,061.

### HARDY v. REDMAN.

[3 Cranch, C. C. 635.] [1]

Circuit Court, District of Columbia. May Term, 1829.

#### DEVISE IN TRUST—FEE.

A devise to the executor in trust to apply the rents and income to the support of the widow, with power to sell the estate if the income should not be sufficient. is a devise in fee to the executor; and he is entitled to receive the rents accruing after the death of the wife.

This suit was docketed by consent, to recover the rents which accrued after the death of the testator's wife. The litigation arose upon the following clause of the will of Samuel Beall: "And it is my will that after the payment of my debts and funeral expenses, all my other property, (except heretofore reserved.) real, personal, and mixed,

---

1 [Reported by Hon. William Cranch, Chief Judge.]

be placed in the hands of my executors hereafter named, the proceeds thereof to be applied to the support of my said wife, Anne Beall, in such manner as they shall think proper; and in case the rents and income of my estate should rot be found sufficient for the above purpose, then the said executors are hereby empowered to sell such estate, and vest the proceeds thereof in such stock as they may think proper, for the support of the said Anne Beall; and at the death of my said wife Anne Beall, the whole of the remainder of my estate to devolve on my heirs at law."

The case stated, for the opinion of the court, is that on the 27th of August, 1811, Samuel Beall was seized in fee of a lot of land in Georgetown, and, on that day, by deed, leased it to Alexander Kile, for ninety-nine years, renewable forever, at the yearly rent of $90, and taxes, payable on the last of March, with the usual covenants. That on the 9th of May, 1812, Kile being in possession, assigned his lease to James Redman, who entered, and was possessed till his death, when his administrator entered, and continued in possession to the present time, and paid the rent to the 31st of March, 1827, but nothing since. That the testator, Beall, having made his will on the 6th of January, 1820, died shortly after, without revoking or altering the same. That the plaintiff is the sole surviving executor. That Anne Beall, the widow of the testator, died on the 28th of November, 1827. That the heirs at law of the testator, if any, are aliens, and are unknown to the parties. That the widow, Anne Beall, died indebted to several persons, for board, medical attendance, and other necessaries. It is submitted to the court to say, whether the plaintiff, William Hardy, is entitled to receive the rents due on the said premises, since the 31st of March, 1827, either in whole or in part. Judgment to be entered for the plaintiff, for so much as the court may think him entitled to receive, if entitled to receive any part; but, if no part, judgment to be for the defendant.

Mr. Marbury, for plaintiff, contended:

(1) That the assignee was bound by the covenant to pay the rent.

(2) That it was a devise to the executors in fee.

When a trustee is to receive the rents and profits, he has the legal estate. The power to sell vests the fee in the trustee, and he becomes trustee for those in reversion. It cannot be an estate for the life of the trustee, for the widow might outlive him. It cannot be for her life, because the power is to sell, and invest the proceeds in stocks, to raise a fund for the support of the widow. No interest vested in the trustee; but he has, at least, a life estate, because, having accepted the trust, he was bound to support her, whether the annual rents and profits would or would not be sufficient for that pur-

pose, and, therefore, might be subjected to loss if the estate were only for the life of the widow. Cruise, Dig. tit. "Devise," c. 1, §§ 13, 18, 24, 26; 6 Coke, 16a.

C. Cox, contra.

No greater estate vested in the executors than was necessary to enable them to execute the trust. They were not bound to advance money, or to make contracts. 2 Rob. Wills, 26; 6 Cruise, 315, 316; Co. Litt. 42a; Merson v. Blackmore, 2 Atk. 341; Rob. Wills, 446, 447, in notes; Reading v. Rawsterne, 2 Ld. Raym. 829; Cro. Eliz. 919.

CRANCH, Chief Judge. The defendant's counsel contends, that this is a devise to the executors in trust for the use of Mrs. Beall during her life, with remainder to the heirs of the testator, and that the use is vested by the statute of uses; so that it is, in effect, a devise to her for life, and that the heirs of the testator take the reversion by descent, and do not take a remainder by purchase; or, at most, that the executors only take an estate during the life of the widow, and that the reversion descended to the heirs at law; for the words, "the remainder of my estate to devolve on my heirs at law," give them no other estate than the law would give them; in which case it is settled, that the heir shall take by descent, and not by purchase. That, where the devise is charged with the payment of a gross sum, it carries a fee; but where the sum is to be paid out of the annual rents and profits, it is only an estate for life. And that, where lands are subjected to a temporary right of possession in another, subject thereto, the heir takes by descent. These principles are correct, but they do not apply to this case. This is not a devise in trust directly to the use of the widow, nor to suffer her to take the rents and profits, in which case, perhaps, the statute would execute the use; but it is a devise to the executors, charged with the payment of debts and funeral expenses; and that the proceeds of the estate should be applied to the support of the widow, in such manner as they should think proper, and with power to sell the estate, if the rents and income should not be found sufficient to support the widow and pay the debts.

In the case of Gibson v. Montfort, 1 Ves. Sr. 490, 491, the testator devised his real and personal estate to trustees, and their executors, administrators, and assigns, in trust, to and for several uses, to pay several annuities, sums, and legacies, by and out of the produce of the personal estate; if that should be deficient, then out of the rents, issues, and profits of the real estate. Lord Hardwicke decided that the whole legal estate of inheritance was devised to the trustees, and said: "It has often been decided that, in a devise to trustees, it is not necessary that the word 'heirs' should be inserted, to carry the fee, at law; for if the purposes of the

trust cannot be satisfied without having a fee, courts of law will so construe it, as in Shaw v. Wright, 1 Eq. Cas. Abr. 176. and several other cases. Here are purposes to be answered, which, by possibility, (and that is sufficient,) cannot be answered without the trustee's having a fee, namely, the payment of several annuities, and large pecuniary legacies. If the personal estate is deficient, which will probably be the case, then how is the rest to be raised? Barely by the annual rents and profits. It must be so if it is a chattel interest, for then it cannot be taken out of the estate by anticipation; but that cannot be here, for if these pecuniary legacies be not paid out of the personal, the real estate must be sold to satisfy them. For several of them are to be paid within a year after the testator's death, and cannot, therefore, be paid by annual perception. This, then, is a purpose which it is impossible to serve, unless the trustees have the inheritance, for if they are to sell a fee they must have a fee; nor will the court split the devise." That case seems to be decisive of the present; for here the executors have not merely an implied but an express power given to them, by the will, to sell the real estate, for the payment of the debts and the support of the widow.

We, therefore, are of opinion that the plaintiff, William Hardy, has an estate in fee in the reversion of the lot, in trust for the heirs at law of Samuel Beall, or for such persons as would, but for their alienage, be his heirs at law; and, consequently, that the plaintiff is entitled to receive the whole rents up to the time of the commencement of this suit, or to the last pay-day preceding such commencement. See Cruise, Dig. tit. "Devise," c. 10, §§ 29–32, 36; Id. c. 11, §§ 49–73.